# In the United States Court of Federal Claims

No. 20-1410V
(Filed Under Seal: February 18, 2026)
(Reissued: March 17, 2026)[*]
**FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARTHA HONEYCUTT, *Executrix of* ESTATE OF RAYMOND CECIL HONEYCUTT, | * <br> * <br> * <br> * |
| Petitioner, | * <br> * |
| v. | * <br> * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * <br> * <br> * |
| Respondent. | * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Braden Blumenstiel*, DuPont and Blumenstiel LLC, Dublin, OH, for Petitioner.

*Emily M. Hanson*, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for Respondent. Also on the briefs were *Brett A. Shumate*, Assistant Attorney General; *C. Salvatore D'Alessio*, Director, Torts Branch; *Heather L. Pearlman*, Deputy Director, Torts Branch; and *Colleen C. Hartley*, Assistant Director, Torts Branch, Civil Division, United States Department of Justice.

## OPINION AND ORDER

Petitioner Martha Honeycutt sought relief under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 ("Vaccine Act"), as executrix of the estate of her father, Raymond Cecil Honeycutt, who died after receiving an influenza vaccine. After a stipulation of dismissal was filed in December 2023, Petitioner's counsel sought attorneys' fees. The Special Master found that there was no reasonable basis for the petition after August 22, 2022, and so denied most fees incurred after that date. *See* Decision on Attorneys' Fees and Costs ("Fees Decision") (ECF 55). Petitioner's counsel seeks review, *see* Mot. for Review (ECF 57); Resp. (ECF

---

[*] This Opinion was issued under seal on February 18, 2026. The parties were directed to propose redactions by March 4, 2026. No proposed redactions were submitted. The Court hereby releases publicly the Opinion and Order of February 18 in full.

61), and I have heard argument, *see* Tr. of Oral Arg. ("Tr.") (ECF 67). Because the Special Master did not abuse her discretion, the motion for review is **DENIED**.[1]

## BACKGROUND

The Vaccine Act provides for recovery of fees and costs by counsel for petitioners. Counsel are prohibited from charging their clients anything above an award of fees and costs. 42 U.S.C. § 300aa-15(e)(3). But counsel are entitled to seek fees and costs even when their clients lose. 42 U.S.C. § 300aa-15(e)(1); *James-Cornelius ex rel. E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) (citing *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1360–61 (Fed. Cir. 2012)).

Special masters may award fees to lawyers for losing petitioners if "the petition was brought in good faith and there was a reasonable basis for the claim[.]" 42 U.S.C. § 300aa-15(e)(1). "Good faith" and "reasonable basis" are separate elements. *See Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017). Only the second element, reasonable basis, is at issue here.

The existence of a reasonable basis for a vaccine case is "an objective inquiry," based solely on a retrospective evaluation of the evidence. *Simmons*, 875 F.3d at 636. A reasonable basis for an unsuccessful claim requires a quantum of evidence "'lower than the preponderant evidence standard required to prove entitlement to compensation,' but 'more than a mere scintilla.'" *James-Cornelius*, 984 F.3d at 1379 (quoting *Cottingham ex rel. K.C. v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020)). Two aspects of the reasonable-basis standard are especially relevant here.

First, counsel's litigation decisions are irrelevant to whether a reasonable basis exists. The rush to file a petition before the statute of limitations expires, for example, does not create a reasonable basis when the facts do not support the petition. *Simmons*, 875 F.3d at 636. Counsel's "desire to obtain additional evidence" is not relevant to the reasonable-basis analysis either. *James-Cornelius*, 984 F.3d at 1381. Reasonable basis focuses on what evidence counsel *has*, not what he *wants*.

Second, a reasonable basis for a petition only lasts as long as the facts of the case justify it. For there to be any reasonable basis at all, the petitioner must have had a reasonable basis at the time the petition was filed. *Cottingham*, 971 F.3d at 1344. And a reasonable basis can cease to exist at any time, depending on how the facts develop. Once petitioner and counsel learn facts that eliminate a claim's

---

[1] This Court has jurisdiction. *See* 42 U.S.C. §§ 300aa-11(a), 300aa-16(a). Petitioner timely moved for review. *See* 42 U.S.C. § 300aa-12(e)(1).

reasonable basis, the special master can deny subsequent fees and costs. *Perreira ex rel. Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994).

The net result is an ongoing duty on Vaccine Act petitioners and their lawyers to evaluate the strength of their cases. Lawyers in Vaccine Act cases — like any other lawyers — must decide on litigation strategies in consultation with their clients, based on the information available. Whether they are entitled to get *paid* with Vaccine Act funds for pursuing those strategies depends on what the facts objectively support. When individuals initiate Vaccine Act claims without a reasonable basis — or pursue Vaccine Act claims longer than the facts objectively call for — the lawyers risk going unpaid.

## FACTS

In this case, Petitioner claimed Mr. Honeycutt developed Guillain-Barré syndrome ("GBS") after receiving his influenza vaccine. Pet. at ¶¶ 6, 13–15 (ECF 1). But a question soon arose about whether he ever had GBS at all. In June 2022, the government's report pursuant to RCFC App. B, Rule 4(c) contended that "[Mr. Honeycutt's] medical records fail to provide preponderant proof that he actually suffered from GBS," *see* Rule 4(c) Report at 18 (ECF 30), nor that the vaccine caused any injury, *id.* at 19–20. The government accordingly "question[ed] the reasonable basis of this claim." *Id.* at 21 n.6.

In a November 2022 status conference, the Special Master shared "various concerns in this case" with Petitioner. Order (ECF 34). She ordered Petitioner to obtain "a report from a treater or an expert witness addressing them." *Id.* Her order identified several issues the report was supposed to cover — including whether Mr. Honeycutt developed GBS — and provided a March 2023 deadline. *Id.*

Petitioner never filed an expert report. After two extensions of time, Petitioner represented in an August 22, 2023 status report that she had "found a qualified expert to review the material and answer the questions this Court has regarding the claim," but had not yet obtained the expert's report. Status Report at 3 (ECF 40). Petitioner communicated with her expert and filed two additional submissions, both of which the Special Master struck from the record. *See* Order (ECF 43) (striking ECF 42); Order (ECF 45) (striking ECF 44). The parties filed a stipulation of dismissal in December 2023. *See* Stipulation of Dismissal (ECF 47).

Petitioner's counsel then sought fees. Fee Mot. (ECF 50); Resp. to Fee Mot. (ECF 52); Reply (ECF 53). The Special Master concluded that Petitioner had a reasonable basis for filing the petition. Fees Decision at 13. But she found that the

reasonable basis ceased to exist during the course of the litigation, largely because development of the factual record ruled out GBS. *Id.* at 12. By April 12, 2022, counsel's billing records acknowledged that a reference to GBS on Mr. Honeycutt's death certificate was the "only direct reference to GBS" in the medical record. *Id.* at 13 (quoting Fees Mot. at 29). The Special Master also cited counsel's review of the Rule 4(c) report, especially his firm's billing entries on August 22, 2022. *Id.* at 14 & n.9.

The Special Master stated that by the time "Petitioner's counsel acknowledged the only direct reference to GBS was the death certificate" — on April 12, 2022 — "Petitioner knew or should have known that there was no GBS diagnosis and therefore the claim lacked reasonable basis." *Id.* at 14. The Special Master nonetheless concluded that "reasonable basis existed up until August 22, 2022," the date of the billing entries reflecting review of the Rule 4(c) report. *Id.*

The Special Master denied fees after August 22, 2022 except for time associated with the stipulation of dismissal and the fees motion itself. She also awarded the retainer fee for an expert retained after that date, "but not counsel's fees for time spent retaining or communicating with the expert." *Id.*

## DISCUSSION

Petitioner's counsel's arguments are somewhat vague, and they shifted between the motion for review and the hearing. But what is left for the Court's resolution is narrow. Counsel has waived all issues other than whether the petition had a reasonable basis between August 22, 2022 and August 22, 2023. *See* Mot. for Review at 2 & n.2, 4 & n.4. That leaves the simple question of whether the Special Master permissibly determined that reasonable basis was lost in August 2022.

The standard of review is highly deferential. A special master's award or denial of attorneys' fees under the Vaccine Act is a discretionary ruling reviewed for abuse of discretion. *See Cottingham*, 971 F.3d at 1345; *cf. James-Cornelius*, 984 F.3d at 1381. The special master's discretion extends to whether an unsuccessful petition had a reasonable basis or lost its reasonable basis before dismissal. *See Perreira*, 33 F.3d at 1376, 1377; *accord Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 286 (2018). "An abuse of discretion occurs if the decision is clearly unreasonable, arbitrary, or fanciful; is based on an erroneous conclusion of law; rests on clearly erroneous fact findings; or involves a record that contains no evidence" supporting the special master's decision. *Cottingham*, 971 F.3d at 1345. So what basis might there be to overturn the Special Master's conclusion about when a reasonable basis was lost?

Counsel's motion focused on the theory that the Special Master should have determined that a reasonable basis was lost no earlier than August 22, 2023, when Petitioner filed a status report describing her ongoing efforts to obtain an expert report. *See* Mot. for Review at 4. But that argument fails on several levels.

First, it is misdirected. Because the Special Master had discretion to determine when Petitioner's reasonable basis ended, *see Perreira*, 33 F.3d at 1376, 1377, the real question is whether selecting August 22, 2022 abused that discretion. The question is *not* whether she would have had discretion to select another date. *See Snyder ex rel. Snyder v. Sec'y of Health & Hum. Servs.*, 88 Fed. Cl. 706, 718 (2009) ("[N]either the Court of Federal Claims nor the Federal Circuit can substitute its judgment for that of the special master merely because it might have reached a different conclusion."). Nor may I consider whether it would have been *better*, in my view, for her to select another date. *Id*.

Counsel presents very little argument against the August 2022 date the Special Master chose. He primarily argues that "nothing was filed or occurred on [sic] the case on August 22, 2022[.]" Mot. for Review at 5 (emphasis omitted); *see also id.* at 6 ("There is nothing in the procedural history of this case that supports a conclusion reasonable basis was lost on August 22, 2022.") (emphasis omitted). But that is objectively mistaken. Counsel's August 22, 2022 billing records — which the Special Master cited twice — show that is the day when counsel completed review of the government's Rule 4(c) report. *See* Fees Decision at 14 & n.9. The billing records apparently constituted the Special Master's basis for concluding that as of that date, Petitioner and her counsel should have known the medical record was inadequate to indicate that Mr. Honeycutt's vaccine led him to develop GBS.

Given that the Special Master's decision *was* based on an actual event, counsel's argument falls apart. Counsel presents no argument that the Special Master abused her discretion by relying on his billing records. Any such argument is therefore forfeited. *See* RCFC App. B, Rule 24(b)(1); *Germaine v. Sec'y of Health & Hum. Servs.*, 155 Fed. Cl. 226, 228 n.3 (2021). Because the billing records bear directly on counsel's knowledge, the Special Master could reasonably rely on them in determining when the claim in this case lost a reasonable basis. *See Perreira*, 33 F.3d at 1377 (reasonable basis lost "once petitioners-appellants reviewed the expert opinion upon which their case depended").

Nor has counsel preserved an argument that the Special Master misinterpreted any aspect of the factual record, including the billing records, Mr. Honeycutt's medical records, or the Rule 4(c) report itself. Tr. at 5–8, 19–20. Those arguments are forfeited as well. *See* RCFC App. B, Rule 24(b)(1). I therefore assume

that there was no factual error in the Special Master's finding that the Rule 4(c) report contained facts sufficient to deny Petitioner's claim and rule out a rational basis. *See Heller v. Sec'y of Health & Hum. Servs.*, 162 Fed. Cl. 621, 639 (2022) ("As petitioners raised no allegation of error in the Special Master's factual finding, the Court does not review the finding for error.").

At argument counsel expressed concern that under the Special Master's reasoning, fees could be routinely denied after petitioners review Rule 4(c) reports that recommend denying compensation. Tr. at 18, 27–28, 53–54, 61. That is an obvious straw man. The principle, rather, is that a special master has discretion to treat review of a Rule 4(c) report as ending a petitioner's reasonable basis when the facts warrant. Because counsel has not challenged the Special Master's interpretation of the underlying relevant facts, there is no basis to question the Special Master's exercise of discretion.

Counsel next argues that finding no reasonable basis as of August 22, 2022 is inconsistent with other acts of the Special Master. In November of that year, the Special Master held a status conference and gave Petitioner time to find an expert. *See* Order (ECF 34). According to counsel, the Special Master stated at the status conference that there was a reasonable basis for the claim as of that day. Tr. at 5, 11–12, 23.

Those events make no difference. As for the Special Master's supposed representations about reasonable basis, counsel has no evidence of what the Special Master said. No transcript exists. Tr. at 37–38, 60. Even if the Special Master did say such a thing, a Special Master's interlocutory decisions are all subject to reconsideration. *See McGowan v. Sec'y of Health & Hum. Servs.*, 31 Fed. Cl. 734, 737–38 (1994). If the Special Master changed her mind about how long there was a reasonable basis, I review her ultimate decision, not the original one. *Id.* In this case, the Special Master did not have access to counsel's billing records in November 2022, *see* Tr. at 11, so she could rationally have re-evaluated her views about reasonable basis when she received them.

And as for the Special Master's decision to let Petitioner look for an expert, counsel has no theory for how that procedural opportunity bears on whether the claim had a reasonable basis. At most, Counsel cites one special master decision for the proposition that Vaccine Act petitioners with medically plausible theories should have a procedural opportunity to obtain an expert's opinion. Tr. at 12, 15–16, 20, 27, 30; *Lamar ex rel. Lamar v. Sec'y of Health & Hum. Servs.*, No. 99-584V, 2008 WL 3845157, at *5 (Fed. Cl. July 30, 2008).

Assuming that legal proposition is true, it is irrelevant. Petitioner filed this case in October 2021. The Special Master found that counsel should have known that reasonable basis was lacking as early as April 2022, when it became apparent that there was no evidence that Petitioner's father had GBS other than his death certificate. Fees Decision at 13–14. The Special Master nonetheless allowed attorneys' fees through August, by which time Petitioner and her counsel had already had ten months to find an expert. Petitioner and counsel thus received whatever opportunity for factual development they may have been entitled to.

More fundamentally, even if Petitioner deserved a procedural opportunity to obtain an expert, it does not follow that the Vaccine Act compels the government to pay for all of it. That is why a request for Vaccine Act attorneys' fees is evaluated retrospectively for good faith and a reasonable basis, based on what information was available over the course of the petition. *See Perreira*, 33 F.3d at 1376, 1377; *Simmons*, 875 F.3d at 635–36. Counsel's litigation decisions do not bear on the existence of a reasonable basis. *Simmons*, 875 F.3d at 636; *see also Cottingham*, 971 F.3d at 1344–45. When the evidence supporting a petition is especially weak, counsel pursue further litigation at their own risk: Factual developments might vindicate the original claim, but, then again, they might not. Here, where the medical records militated against a reasonable basis as early as April 2022, the Special Master was not compelled to pay counsel for a year of fruitless investigation.

Second, not only is counsel's argument directed at the wrong date, but counsel lacks any good reason why August 22, 2023 would be a better date. Counsel points to the status report Petitioner filed that day. Mot. for Review at 3, Tr. at 29–30, 35. The substance of the report is that although Petitioner had retained an expert, she had not yet obtained the expert's report. Status Report at 3.

It is hard to see what difference that makes to the existence of a reasonable basis. As mentioned, the existence of a reasonable basis depends on the evidence available to a petitioner. *Simmons*, 875 F.3d at 636. A petitioner's representations to a special master are logically irrelevant to that inquiry, except to the extent that the representations shed light on the petitioner's knowledge. Here, the report did not mark the beginning or end of anything, nor did it show that Petitioner or her counsel had learned something new. It does not obviously bear, in other words, on reasonable basis at all.

Counsel largely conceded the point at argument, falling back on the suggestion that this Court could simply vacate the Special Master's fees decision and remand for a new determination of when a reasonable basis was lost. Tr. at 31–33, 35. But I see

- 8 -

no reason to do so, given that — as explained above — counsel has not shown any abuse of discretion in the date the Special Master actually chose.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for review is **DENIED**. The decision of the Special Master is **SUSTAINED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge